GARY E. KLAUSNER (SBN 69077)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: gek@lnbyb.com; kjm@lnbyb.com

TOM LALLAS (SBN 66512)
MARK D. HURWITZ (SBN 151159)
LEVY, SMALL & LALLAS
A Partnership Including Professional Corporations
815 Moraga Drive
Los Angeles, California 90049-1633
Telephone: (310) 471-3000; Facsimile: (310 471-7990
Email: tlallas@lsl-la.com; mhurwitz@lsl-la.com

Attorneys for Plaintiff Barry Beitler

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>JOHN JEAN BRAL<br><br>        Debtor and Debtor-in-Possession. | Case No. 8:17-bk-10706-SC<br><br>Chapter 11<br><br>Adv. Case No. 8:17-ap-01092-SC |
| BARRY BEITLER,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN JEAN BRAL,<br><br>        Defendant. | **BARRY BEITLER'S OPPOSITION TO MOTION TO BIFURCATE ISSUES OF LIABILITY AND DISCHARGEABILITY IN ADVERSARY, OR TO STAY ADVERSARY UNTIL UNDERLYING LIABILITY ON CLAIMS IS DETERMINED IN ANOTHER PROCEEDING**<br><br>Date: October 19, 2017<br>Time: 11:00 a.m.<br>Place: Courtroom 5C<br>       411 West Fourth Street<br>       Santa Ana, CA |

Barry Beitler ("Plaintiff") hereby files this Opposition to that certain *Motion To Bifurcate Issues Of Liability And Dischargeability In Adversary, Or To Stay Adversary Until Underlying Liability On Claims Is Determined In Another Proceeding* (the "Motion") [Doc. No. 9][1] filed by Defendant John Jean Bral (the "Debtor" or "Defendant").

## I.    Summary of Opposition

Bifurcation of liability and dischargeability is not feasible or practical in this case, because, inter alia, the issues of liability and non-dischargeability are so intertwined that it would be impossible to divide them for the purposes of discovery, pretrial motions, trial, or any other purpose.[2] Accordingly, bifurcation would result in a substantial duplication of work, unnecessary expense, overlapping hearings and confusion of issues. Indeed, the only conceivable purpose of bifurcating "liability" and "non-dischargeability" would be to enable the Debtor to use estate funds to defend the "liability" issue on the theory that such defense was in the nature of objecting to claims. But, here the issue of liability (the Debtor's fraudulent conduct, conversion, misappropriation of assets and breach of fiduciary duty) is inextricably connected to the issue of non-dischargeability which is based on section 523(a)(2),(4), and (6). Thus, the result of bifurcation would be to allow the Debtor, improperly, to use estate funds (the bulk of which belong to the Beitler Creditors) to defend the non-dischargeability cases brought against him.

Not surprisingly, the Debtor has failed to cite a single case in which a bankruptcy court has bifurcated issues of liability and non-dischargeability—notwithstanding that the burden to establish the grounds for bifurcation is on the moving party.

Additionally, the relief being requested by the Debtor would harm creditors, not protect them. First, and importantly, Plaintiff and its affiliates (collectively with Plaintiff, the "Beitler

---

[1] Substantially identical oppositions have been filed in the other two non-dischargeability adversary proceedings filed against the Debtor.

[2] The Debtor contends in his Motion that the authorities he cites "confirm…the issue of liability on a claim is distinct from the issue of the dischargeability of the claim." *See* Motion, p. 3, ll. 11 – 12. However, none of the authorities cited by the Debtor actually support bifurcation of this adversary proceeding. While it may be true in a case where the issue of liability on a claim is separate and distinct from non-dischargeability (such as where liability is based on a contract), such is not the case here, where liability itself is based upon the elements of non-dischargeability.

1

Creditors") hold more than $9.1 million of claims against the Debtor. These claims include at least $3.6 million in judgments and fee awards obtained by the Beitler Creditors against the Debtor which cannot realistically be disputed. Thus, as to those claims, there is no liability issue to litigate.

The Debtor represented that he filed his chapter 11 case to use the automatic stay to resolve his litigation with the Beitler Creditors. Thus, this case was filed, ostensibly, to avoid the expense of the pending state court litigation. However, the mediation which took place on August 28, 2017, did not produce a settlement, and the disputes between the Debtor and the Beitler Creditors remain unresolved. If the Debtor cannot afford the cost of Chapter 11, or does not want to respond to the non-dischargeability complaints, he should voluntarily dismiss his case or stipulate to judgments. However, the Debtor cannot have it both ways. He cannot use Chapter 11 to shield himself from state court litigation, but then cherry pick the issues he wants to litigate and use his creditors' money to do so. Moreover, the Debtor's counsel's unwillingness to represent the Debtor in the non-dischargeability actions absent an untenable bifurcation is not a basis to grant the Motion, and does not outweigh the significant inconvenience and costs of bifurcation.

## II.    The Adversary Proceedings

There are three non-dischargeability proceedings currently pending against the Debtor: *Barry Beitler v. John Jean Bral*, Adversary Proceeding No. 8:17-ap-01092-SC ("Adversary 92"); *Beitler & Associates, Inc. dba Beitler Commercial Realty Services v. John Jean Bral*, Adversary Proceeding No. 8:17-ap-01094-SC ("Adversary 94"), and *Steward Financial LLC v. John Jean Bral*, Adversary Case No. 8:17-ap-01095-SC ("Adversary 95").

The bases for Beitler Creditors non-dischargeability claims, as set forth in the 3 adversary proceedings, are: (1) money and property obtained by the Debtor's using false pretenses, false representation and/or actual fraud (11 U.S.C. § 523(a)(2)(A) (*see* Adversary 92 and Adversary 94); (2) fraud and/or defalcation while acting in a fiduciary capacity (11 U.S.C. § 523(a)(4)) (*see* Adversary 92 and Adversary 94); (3) embezzlement and/or larceny under 11 U.S.C. § 523(a)(4)

2

(*see* Adversary 92); and (4) willful and malicious injury (11 U.S.C. § 523(a)(6)) (*see* Adversary 92, Adversary 94 and Adversary 95). None of these cases are suitable for bifurcation because the determination of liability and non-dischargeability will be based on the same set of facts.[3]

As set forth in the complaints filed in the adversary proceedings, rather than acting properly as a fiduciary to his fellow limited liability company ("LLC") members, the Debtor utilized his positions in, and control over, special purpose entities (the "SPEs") such as Mission Medical Investors, LLC ("Mission"), Westcliff Investors, LLC ("Westcliff") and Ocean View Medical Investors, LLC ("Ocean View")[4] to enrich himself and harm his fellow members and creditors. The Debtor, among other things, (a) did not properly account for all of the Beitler Creditors' capital contributions to the LLCs and intentionally deprived them of membership interests and distributions to which they were entitled, (b) improperly diverted payments from

---

[3] The Debtor's "Summary of Material Facts", as set forth in the Motion and the Debtor's Declaration filed in support of the Motion, is disputed by the Beitler Creditors. For example, the Debtor contends that the Beitler Creditors have used their resources "to not only take advantage of the Debtor, but to bring about his financial ruin." *See* Motion, p. 5, ll. 12 – 23. There is no actual evidence of such contentions, and such contentions do not provide an accurate picture of pre-petition events. *See*, *e.g.*, footnote 4 below.

[4] The facts regarding Ocean View are but one example of the Debtor's propensity to play "fast and loose" with the facts. While the Debtor contends that the Beitler Creditors somehow did something wrong in connection with Ocean View, the exact opposite is true. There, Beitler, facing the issuance of a writ of attachment against him on his guaranty of loan on which the Debtor allowed Ocean View to default, and with the Debtor (notwithstanding his own guaranty of that loan) apparently content to leave Beitler to shoulder the entire amount of the Ocean View loan obligation, began negotiating with First Citizens to purchase the Ocean View loan and associated rights, claims and documents (collectively, the "Ocean View Loan Claims"). After providing notice of these negotiations to the Debtor and the other members of Ocean View, and inviting them to participate, and neither the Debtor nor any of the other members having accepted the invitation, Beitler formed Steward Financial, LLC ("Steward") and Steward entered into a loan purchase agreement with First Citizens for its par value and for Steward to acquire the Ocean View Loan Claims, including without limitation the security interest in the real property securing the Ocean View loan and the right to enforce the Debtor's personal guaranty. The Debtor then caused Ocean View to file a bankruptcy case which this Court dismissed, and later orchestrated Ocean View's involuntary bankruptcy filing, which this Court also dismissed after finding that sworn statements submitted in support of the involuntary were false. *See* footnotes 5 and 6 below; *see also*, *Beitler Creditors' Status Conference Statement*, filed in the Debtor's main bankruptcy case, at docket no. 41, and attached as Exhibit A to concurrently filed Request for Judicial Notice (without voluminous exhibits).

SPEs to himself and his entities, (c) manipulated books and records of the SPEs, (d) engaged in self-dealing and misappropriations of commissions and property management fees with respect to the SPEs' properties, (e) knowingly, and in breach of his fiduciary duties, failed to pay distributions and other benefits to SPE members, (f) filed an unauthorized and fraudulent bankruptcy petition for Ocean View[5], and (g) participated in a fraudulent involuntary bankruptcy filing for Ocean View after Ocean View's voluntary bankruptcy case had been dismissed.[6] *See*

---

[5] In Ocean View's bankruptcy cases, this Court identified stark inconsistencies between the Debtor's representations to the state court in unsuccessful injunction proceedings preceding the bankruptcy cases and the Debtor's representations to the Bankruptcy Court in the Ocean View's voluntary bankruptcy (the "Ocean View Voluntary Bankruptcy"), stating at the hearing that "the fact is that Mr. Bral on several occasions swore under penalty of perjury that Mr. Beitler is a member and co-manager even after the time he believed he says now that there was a resolution of some other mechanism to remove Mr. Beitler as a member…." In other words, the Debtor (a) told the state court in the Injunction Action that Beitler was a manager who breached his fiduciary duties and (b) later told this Court that Beitler was removed as a manager during the same time frame. This Court was not fooled and found that "there is evidence of backdating and the evidence is that [the Debtor's] pleadings in state court reference [Beitler] as the member." *See* Request for Judicial Notice, Exhibit B.

[6] On February 9, 2015, while the ink was still drying on the order dismissing the Ocean View Voluntary Bankruptcy, a purported involuntary bankruptcy case against Ocean View was filed as Case No. 8:15-bk-10624-SC ("Ocean View Involuntary Bankruptcy") and assigned to this Court. This Court immediately issued an Order to Show Cause requiring the petitioning creditors to appear in Court on February 12, 2015 to show cause why the Ocean View Involuntary Bankruptcy should not be dismissed for bad faith. At an evidentiary hearing on February 12, 2015, this Court examined certain of the petitioning creditors under oath and, after hearing their testimony, found that the Ocean View Involuntary Bankruptcy was the product of their collusion with the Debtor and would be dismissed for bad faith. At that hearing, this Court characterized the "involuntary" bankruptcy petition as a "set up job" by the Debtor and others "who want the protection of an involuntary bankruptcy because their original bankruptcy could not…go forward because they had actually not told the truth to this Court earlier about the dismissal of [Beitler as a manager]." This Court further found that "it was demonstrated that Mr. Bral had perhaps fabricated documents to demonstrate that [Mr. Beitler] had been removed and…he created documents after the fact….and…swore to it under penalty of perjury in state court actions to try to get receivers." *See* Request for Judicial Notice, Exhibit C. That same day, this Court entered its order dismissing the Ocean View Involuntary Bankruptcy with a 180-day bar to refiling. *See* Request For Judicial Notice, Exhibit D, p. 4, ll. 9 – 11 of order ("stating that, "in the content of the dismissal argument in the initial Chapter 11 case, evidence was presented that perjury had been committed by Mr. Bral and that documents had been fabricated."). The Ocean View matter is but one example of the Debtor's disregard for the truth and his responsibilities as a fiduciary, which will be the subject of the non-dischargeability actions, and which serve as the inseparable basis for both liability and non-dischargeability.

4

complaints filed in adversary proceedings [Dkt. No. 1 in each adversary proceeding].

These facts give rise to the Debtor's liability to the Beitler Creditors *and* the non-dischargeable nature of that liability. The issues relevant to liability and non-dischargeability cannot realistically or efficiently be segregated.

### III. There Is No Legal Or Factual Basis To Bifurcate The Issues And The Debtor Has Failed To Meet His Burden To Demonstrate That Bifurcation Is Warranted

The Motion does not specify what "bifurcation" would mean as applied to the non-dischargeability cases. Nor, does the Debtor cite any controlling authority or rule of procedure. Bankruptcy Rule 7042 (not cited by the Debtor) provides that Rule 42 of the Federal Rules of Civil Procedure applies to adversary proceedings. Rule 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." *See* Fed. R. Civ. Proc. 42(b). "Bifurcation should not be the usual course that is followed. A party requesting bifurcation has the burden to show that bifurcation is warranted in a particular case." *See In re Koger*, 261 B.R. 528, 531 (Bankr. M.D. Fl. 2001) (internal citations omitted) (declining to bifurcate issues where issues not separable). The Debtor has failed to demonstrate that bifurcation (whatever that means) is "convenient", would "avoid prejudice" or "expedite" or "economize".

The Debtor has failed to meet the standard for bifurcation as it pertains to the pending non-dischargeability cases. Indeed, the Debtor has failed to cite a single case that would support bifurcation in a non-dischargeability case or establish any basis for bifurcating the issues of liability and dischargeability. The Debtor's "legal analysis" of whether bifurcation is warranted is limited to the general statement that "[t]he issue of whether or not liability exists on a claim, is distinct from the issue of the dischargeability of the claim." *See* Motion, p. 6, ll. 21 – 22, citing *In re Anthony*, 538 B.R. 145, 152 (Bankr. M.D. Fla. 2015) and *In re Soltoff*, 1 B.R. 180, 182 (Bankr.

E.D. P. 1979). None of these cases, including *In re Anthony*, actually ordered the bifurcation of the issues of liability and dischargeability, nor was bifurcation even an issue in those cases.

For example, in *In re Anthony*, the bankruptcy court did not bifurcate the issues of liability and dischargeability, or stay or otherwise delay the non-dischargeability action pending a determination of liability.[7] To the contrary, despite the existence of a pending state court action involving defamation claims, the bankruptcy court did not bifurcate issues of liability and dischargeability. *See In re Anthony*, 538 B.R. at 150 - 152. Moreover, the bankruptcy court concluded that, "even where a judgment of defamation has been entered previously in another court, the claim will be excepted from discharge under § 523(a)(6) only if the bankruptcy court determines that the debtor acted willfully and maliciously." *Id.* at 151.

Contrary to the Debtor's unsupported assertions, bifurcation would be an especially bad idea in this case.

**First**, it is unclear how bifurcating liability and dischargeability could be implemented, in light of the fact that Debtor's liability to the Beitler Creditors in the adversary proceedings is based on the same facts as those necessary to establish non-dischargeability under section 523 of the Bankruptcy Code.

**Second**, it would be impractical, inconvenient, and costly, to bifurcate the issues of liability and dischargeability. If the Debtor's proposal is adopted, the Beitler Creditors and the Debtor will be engaged in multiple overlapping and duplicative proceedings involving the exact same facts. *See In re Lavenhar*, 2013 WL 4220689, at *7 (Bankr. D. Co. August 7, 2013) (declining to bifurcate state law claims from non-dischargeability claims because doing so "would unnecessarily complicate an already complicated case, and would not result in judicial economy"). There would be no legitimate reason to duplicate proceedings – the non-dischargeability proceedings, without bifurcation, would be all encompassing, and would resolve,

---

[7] *In re Soltoff*, also cited by Debtor, involved a determination of whether to grant relief from the automatic stay to permit a state court matter to proceed, not whether to bifurcate the issues of liability and dischargeability. *See In re Soltoff*, 1 B.R. at 181.

with finality, all of the factual disputes in addition to whether those facts give rise to non-dischargeable claims. *See Hawthorne v. Hawthorne (In re Hawthorne)*, 2012 WL 1143656, at *5 (Bankr. D. Ak. April 4, 2012) (declining to abstain from hearing state law counts, or bifurcating issues, finding that "[a]s the Ninth Circuit has recognized, it is impossible to separate the determination of dischargeability from the function of fixing the amount of the nondischargeable debt."); *Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 870 (9th Cir. 2005 ("'because it is impossible to separate the determination of dischargeability function from the function of fixing the amount of the nondischargeable debt,' a bankruptcy court may render a money judgment in a nondischargeable action.")

**Third**, bifurcation would prejudice the Beitler Creditors. "[A] prejudice inquiry involves determining the cost of bifurcation to each party." *Speed v. U.S. Bank (In re Speed)*, 2013 WL 7710285 (Bankr. E.D. Ar. Dec. 7, 2013), citing *In re Koger*, 261 B.R. at 532. In *In re Speed*, the plaintiff, argued that bifurcation will prejudice her with unnecessary delay and duplicative discovery, and that the bifurcation motion was another attempt by the defendants to skirt discovery obligations and further drain financial resources. The court agreed and denied bifurcation. *Id.* Similarly, here, bifurcation of liability and dischargeability will severely prejudice the Beitler Creditors, who will be forced to not only try their causes of action and factual allegations twice, but to also effectively pay for both the prosecution and defense against the Beitler Creditors' claims.

In comparison, the Debtor will not be prejudiced if the Motion is denied. Specifically, the Debtor's alleged prejudice – that the alleged threat of a creditor raising a challenge to the compensability of legal fees from estate property for handling the non-dischargeability actions "deprives the debtor of representation" (*see* Motion, p. 8, ll. 5 – 8) -- is not a basis to grant the Motion, and the Debtor will not actually suffer any such prejudice. First, there is no evidence that the Debtor will not be represented if the Motion is not granted. Second, the request to bifurcate is being driven solely by the Debtor's counsel's concerns about being able to use property of the estate to pay its fees. In other words, the entire purpose of the Motion is for the Debtor's counsel

to obtain a level of comfort in connection with representing the Debtor in the non-dischargeability action, where issues of liability and dischargeability are intertwined. But that is not a legitimate basis to force the Beitler Creditors to duplicate their own fees and costs. The Debtor's counsel may still submit fee requests to this Court, which this Court will consider and rule upon, with the Beitler Creditors and all other creditors having the opportunity to review and respond to such fee requests. The perceived risk of nonpayment of the Debtor's counsel should not, however, trump the need to economically and efficiently try the Beitler Creditors' non-dischargeability claims.

## IV. There Is No Basis To Stay The Non-Dischargeability Cases Until The Liability Issue Is Resolved Through An Objection To Claim Process Or Any Other Process

The Debtor alternatively requests that the Court "stay all further proceedings…until the issue of liability on the disputed claims that serve as the foundation from the discharge issues raised therein are resolved through either 1) a claims objection proceeding, or 2) the pending state court proceeding filed by the plaintiff where these same claims are in contest." *See* Motion, p. 2, ll. 8 – 12. Neither of these alternative requests should be granted.

**First**, the Beitler Creditors requested that the Debtor stipulate to relief from the automatic stay in connection with all of the state court proceedings involving the Beitler Creditors' claims. The Debtor refused to stipulate, claiming that he filed his bankruptcy case in order to stay state court litigation. Accordingly, the notion of now returning to state court is at odds with the Debtor's own game plan. But, if he would like to change direction and go back to state court to litigate with the Beitler Creditors, they would have no objection to his dismissing his bankruptcy case.

**Second**, the Debtor has not filed any objections to the Beitler Creditors' claims, but, even if the Debtor were to file claim objections, that cannot impact upon the Beitler Creditors' right to prosecute their non-dischargeability cases. Moreover, it is unclear how claim objection proceedings would or could address the elements of non-dischargeability, particularly since the Debtor has not even disclosed what the basis of his purported claim objections would be. The

non-dischargeability proceedings should not be held hostage to the Debtors' incongruous, unspecified, unworkable scheme to purportedly address "liability" without addressing non-dischargeability.

### V. Conclusion

For the reasons set forth herein, the Motion should be denied.

Dated: October 5, 2017    LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.


By: /s/ Krikor J. Meshefejian
GARY E. KLAUSNER
KRIKOR J. MESHEFEJIAN

Dated: October 5, 2017    LEVY, SMALL & LALLAS
A Partnership Including Professional Corporations
TOM LALLAS
MARK D. HURWITZ

By: _____
TOM LALLAS

9

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **BARRY BEITLER'S OPPOSITION TO MOTION TO BIFURCATE ISSUES OF LIABILITY AND DISCHARGEABILITY IN ADVERSARY, OR TO STAY ADVERSARY UNTIL UNDERLYING LIABILITY ON CLAIMS IS DETERMINED IN ANOTHER PROCEEDING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 5, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Beth Gaschen**    bgaschen@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;lgauthier@lwgfllp.com;nlockwood@lwgfllp.com
- **Mark D Hurwitz**    mhurwitz@lsl-la.com, dsmall@lsl-la.com
- **Gary E Klausner**    gek@lnbyb.com
- **William N Lobel**    wlobel@lwgfllp.com, nlockwood@lwgfllp.com;jokeefe@lwgfllp.com;banavim@wgllp.com
- **Krikor J Meshefejian**    kjm@lnbrb.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

**2. <u>SERVED BY UNITED STATES MAIL</u>**: On **October 5, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ *Service information continued on attached page*

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** <u>(state method for each person or entity served)</u>: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 5, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

*Served via Overnight Mail*
Hon. Scott C. Clarkson
United States Bankruptcy Court
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 5, 2017 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**