William N. Lobel, State Bar No. 93202
wlobel@lwgfllp.com
Alan J. Friedman, State Bar No. 132580
afriedman@lwgfllp.com
Beth E. Gaschen, State Bar No. 245894
bgaschen@lwgfllp.com
**LOBEL WEILAND GOLDEN FRIEDMAN LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone   714-966-1000
Facsimile   714-966-1002

Attorneys for Debtor and Debtor-in-Possession and
Specially Appearing for John J. Bral, Defendant

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JOHN JEAN BRAL,<br><br>    Debtor and<br>    Debtor-in-Possession.<br><br>―――――――――――――<br><br>BARRY BEITLER,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN JEAN BRAL,<br><br>    Defendant. | Case No. 8:17-bk-10706-SC<br><br>Chapter 11<br><br>Adv. 8:17-ap-01092-SC<br><br>**OMNIBUS REPLY TO BEITLER CREDITORS' OPPOSITION TO MOTION TO BIFURCATE ISSUES OF LIABILITY AND DISCHARGEABILITY IN ADVERSARY, OR TO STAY ADVERSARY UNTIL UNDERLYING LIABILITY ON CLAIMS IS DETERMINED IN ANOTHER PROCEEDING**<br><br>Hearing Date and Time:<br><br>DATE:   October 19, 2017<br>TIME:   11:00 a.m.<br>PLACE:  Courtroom 5C<br>        411 West Fourth Street<br>        Santa Ana, CA 92701 |

#1135764

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE BEITLER PARTIES, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES-IN-INTEREST:

John J. Bral, the debtor and debtor-in-possession in the above-captioned case and defendant in this adversary proceeding (the "Debtor"), hereby submits this omnibus reply (the "Reply") to the oppositions (together, the "Opposition") filed by Barry Beitler ("Beitler"), Beitler & Associates, Inc. dba Commercial Realty Services ("BAI"), and Steward Financial LLC ("Steward" and, collectively, the "Beitler Parties") to the Debtor's Motions to Bifurcate Issues of Liability and Dischargeability in Adversary, or to Stay Adversary Until Underlying Liability on Claims is Determined in Another Proceeding (together, the "Motion").[1]

## PRELIMINARY STATEMENT

Contrary to the allegations in the Opposition, the Debtor is not seeking to avoid rulings on the liability and/or dischargeability issues raised in the adversaries (the "Adversaries"). It is, rather, the Beitler Parties who are seeking to avoid a resolution in this case by insisting upon putting the proverbial cart before the horse. The proofs of claims filed by the Beitler Parties in this case incorporate the very same claims alleged in the Adversaries. The resolution of these claims through the "claims allowance process" is mandatory. In re Diversified Traffic Servs., Inc., 2012 WL 1191984, at 3 (Bankr. S.D. Ga. 2012) ("Each asserted claim must go through the claims allowance process, which controls whether an entity holds a claim that may be paid by the bankruptcy estate.").

Moreover, it is not only logical but cost-effective to resolve the issue of whether or not a claim exists, to wit, the liability issue, before a squabble over the nature of the claim—the discharge issue—ensues. As of this filing[2], the Debtor has filed objections to

---

[1] Capitalized terms used herein that are not otherwise defined shall have the meanings ascribed to such terms in the Motion. The Debtor has filed a substantively similar Reply in each of the three pending Adversaries.

[2] Or by October 13, 2017, at the latest.

#1135764                                    2

the very claims alleged in the Adversaries, thereby invoking the foregoing obligatory claims allowance process. These objections present, in the main, straightforward issues of law, such as clear statute of limitation defenses that bar the claims alleged in the Adversaries. If the Debtor's legal analysis is correct, the Adversaries will become moot.

In contrast to the path offered by the Debtor, the Beitler Parties are, in effect, insisting that their claims must be resolved through *four separate proceedings*.[3] This would be height of inefficiency.[4] The Debtor is simply inviting the Court to avoid this waste of time and money by exercising control over the disputes between the Debtor and the Beitler Parties and manage the process in the most streamlined, efficient and non-prejudicial manner possible.[5]

---

[3] These four separate tracks for each of the three pending matters would be the non-dischargeability Adversaries themselves, the underlying state court litigation actions, the claim objection proceedings, and the presumably to-be-filed estimation proceedings that will need to be brought by the Beitler Parties in order to have their claims estimated and/or temporarily allowed for plan voting purposes. *See* 11 U.S.C. § 502(c); Rule 3018 of the Federal Rules of Bankruptcy Procedure.

[4] The Opposition filed by the Beitler Parties is, as always, replete with the allegations of the Debtor's "wrongdoing." While Beitler Parties' motivation is clear – a desire to tarnish and undermine the Debtor's each and every request in his chapter 11 case – such allegations do not bear on the issues relevant to the specific relief sought by way of the Motion. Therefore, the Debtor, in the interests of keeping the focus "on the forest," will not address these allegations in this context, except to point out that such allegations do not, for the most part, have any relevance to the determination as to the dischargeability of the underlying debt. More importantly, however, such allegations should not negatively impact this Court's consideration of the Debtor's recommendation that the Court impose a reasonable, workable plan for the resolution of the duplicative claims asserted against the Debtor by the Beitler Parties.

[5] To this end, the Debtor has reached out to the Beitler Parties with an offer to stipulate to have all matters resolved by this Court in connection with the pending claims objection proceedings. The Debtor is hopeful that the Beitler Parties will agree to such an approach but, barring such agreement being in place prior to the hearing on the Motion, the Debtor requests that this Court enter an order providing the parties with a roadmap for resolving the issues of liability (if any) to the Beitler Parties and, thereafter, to the extent necessary, as to the dischargeability of any such allowed claims.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

#1135764    3

# ARGUMENT

## A. This Court Has the Authority and Discretion to Control the Claims Process and Related Proceedings

Contrary to the Beitler Parties' argument in the Opposition that there is no legal basis for the relief sought by way of the Motion, in fact this Court unquestionably has the authority and discretion to enter such orders to control the claims process and related proceedings in this chapter 11 case. There can also be no reasonable dispute that the issues between the Debtor and the Beitler Parties can and should be consolidated and determined in connection with the claims objection process in this Court.[6]

As a preliminary matter, the Beitler Parties are simply incorrect when they assert that there is no legal basis on which this Court can separate the issues of liability from the issues of non-dischargeablility. While the Debtor has suggested various procedural options for separating the relatively narrow non-dischargeability issues from the more expansive and important liability issues (*e.g.*, bifurcating the issues or staying the Adversaries pending a determination as to liability via the claims process), the Debtor is not insisting upon any particular option. Rather, the Debtor seeks a practical solution that will most efficiently, and fairly, deal with the myriad of similar matters that are currently pelting him from all sides.

In this regard, the case of Second Avenue Holdings, LLC. v. Latimer (In re Latimer), 489 B.R. 844 (Bankr. N.D. Ala. 2013) offers constructive guidance. In the Latimer case, the court found it appropriate to exercise its discretionary power to stay litigation of a creditor's non-dischargeability claims against a debtor pending the arbitration

---

[6] The Beitler Parties have submitted themselves to the jurisdiction of this Court to determine the issues with respect to their alleged claims by the act of filing proofs of claim (and commencing the Adversaries in this bankruptcy case). The fact that the same issues are now pending in various forums necessitates a workable plan to address these issues in a consolidated fashion. The Beitler Creditors' argument that the Debtor should have to defend on all fronts at the same time, while simultaneously arguing for what is tantamount to a denial of representation, is prejudicial and inequitable.

#1135764    4

of claims that directly bore on the debtor's liability to the creditor. As set forth by the court in Latimer,

> Staying a determination of the issues in this case until after the arbitration is through, and then applying the relevant findings from that proceeding to the present action, is closely analogous to the common practice of permitting the litigation of the issues of liability and damages in a dischargeability case to proceed in state court, where they would otherwise be tried absent bankruptcy, and holding the issues of dischargeability in abeyance until after the state court action has been concluded, where they can then be decided based on the findings of the state court. That result is often accomplished by granting relief from the stay. "Numerous courts have determined that, under appropriate circumstances, a bankruptcy court may grant relief from the stay to allow a debt to be liquidated in a pending state court proceeding, and then make a determination of dischargeability based on the state court record." Other courts elect to dismiss the dischargeability proceeding without prejudice to the plaintiff's right to refile it after conclusion of the state court litigation, assuming the latter results in a judgment against the debtor. Other courts elect to abstain from hearing the liability and damages issues, reserving determination of the dischargeability issues until after conclusion of the state court proceeding, pursuant to the bankruptcy abstention statute, 28 U.S.C. §1334(c)(1), which provides: "[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding rising under title 11 or arising in or related to a case under title 11." ...

Latimer, 489 B.R. at 871 (internal citations omitted).

The Latimer court appropriately concluded that the proverbial cart should not be put before the horse: The issue of whether or not a claim exists in the first place should be resolved before a squabble ensues over its dischargeability. The Debtor would submit that this Court should exercise the same discretion in the instant case.

Indeed, the approach suggested by the Debtor in this case is entirely consistent with the court-recognized "two-step process" inherent in a non-dischargeability action pursuant to which a determination as to liability on the underlying claim is a precursor to the determination as to the non-dischargeability of such claim. As set forth in In re Myrtle, 500 B.R. 441 (Bankr. W.D. Va. 2013):

> A determination under section 523(a)(2)(A) is a two-step process. *Stanbrough v. Valle (In re Valle)*, 469 B.R. 35, 43 (Bankr. D. Idaho 2012) (citing *Banks v. Gill Distrib. Ctrs., Inc. (In re Banks)*, 263 F.3d 862, 868 (9th Cir. 2001)). First, the debt must be established. *Id.* Second, the nature of the debt—dischargeable or

nondischargeable – must be determined. *Id.* When the debt is unliquidated, contingent, or disputed, the bankruptcy court must determine liability and damages in order to establish the underlying debt. *Id. See also, Second Avenue Holdings, LLC. v. Latimer (In re Latimer)*, 489 B.R. 8 44 (Bankr. N.D. Ala. 2013); *Sterling Factors, Inc. v. Whelan*, 245 B.R. 698, 708 (N.D. Ga. 2000) ("[A]n adversary proceeding respecting dischargeability consists of three elements: liability, damages, and dischargeablility."); *Trustees of the Operating Engineers Local # 965 Health Benefit Plan v. Westfall (In re Westfall)*, 379 B.R. 798, 802-803 (Bankr. C.D. Ill. 2007) ("This Court must determine the existence of an underlying debt before reaching the dischargeability issues."); *Drummond v. Freeland (In re Freeland)*, 360 B.R. 108, 129 (Bankr. D. Md. 2006) ("When a complaint to determine nondischargeability of debt is brought in the bankruptcy court prior to the entry of a judgment in a nonbankruptcy forum, the bankruptcy court has subject matter jurisdiction, not only to determine nondischargeability of the debt, but also to liquidate the amount of the debt and enter a nondischargeable judgment therefor."); *Gattalaro v. Pulver (In re Pulver)*, 327 B.R. 125, 132 (Bankr.W.D.N.Y.2005) ("In an Adversary Proceeding respecting dischargeablility, there are three elements to be determined. These elements are liability, damages and dischargeablility.").

Myrtle, 500 B.R at 449; Latimer, 489 B.R. at 869-70 (same).

The predicate liability issues, therefore, can indeed be properly separated from the non-dischargeability issues, and the Court has the power to use its judicial discretion to so separate the issues. *See* In re Leslie Fay Companies, Inc., 222 B.R. 718, 720 (S.D.N.Y. 1998), *aff'd sub nom.* Falbaum v. Leslie Fay Companies, Inc., 182 F.3d 899 (2d Cir. 1999) ("On the contrary, such bifurcation, which rested within the sound discretion of the Bankruptcy Court, appropriately narrowed the issues and promoted judicial economy, and thus was altogether proper.").

The Debtor would submit that the foregoing goal can be best accomplished by either staying the Adversaries while the issue of liability is expeditiously determined through the claims objection process, or by bifurcating the non-dischargeability and liability aspects of the Adversaries and joining the liability issues therein with the identical issues that will be tried by this Court in connection with the claims objection process (or as this Court deems otherwise appropriate).

#1135764    6

The Beitler Parties' contention that this Court somehow lacks the legal authority of discretion to resolve the liability aspects of the claims prior to considering the dischargeability aspects is patently untenable. The claims allowance process is central to the administration of any bankruptcy estate. Langenkamp v. Culp, 498 U.S. 42, 44 (1990); Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 58–59, 109 S.Ct. 2782, 2799, 106 L.Ed.2d 26 & n. 14 (1989)); Katchen v. Landy, 382 U.S. 323, 336, 86 S.Ct. 467, 476, 15 L.Ed.2d 391 (1966).see e.g., 28 U.S.C. § 157(b)(2)(B). "Each asserted claim must go through the claims allowance process, which controls whether an entity holds a claim that may be paid by the bankruptcy estate." In re Diversified Traffic Servs., Inc., No. 09-51227, 2012 WL 1191984, at *3 (Bankr. S.D. Ga. Mar. 29, 2012). The Court's power to manage this process, within the limits of due process, is extremely broad.

B. **The Issues of Liability and Dischargeablility Are Not So Intertwined as to Prevent Separation of Such Issues**

Moreover, the Beitler Parties' assertion in the Opposition that the issues of liability and dischargeability are so "intertwined" that they cannot be separated is simply not the case. These issues can readily be separated or bifurcated, without prejudice to any party. *In fact, in this particular case there are dispositive legal arguments on the issue of liability that will render consideration of the dischargeability issues unnecessary.* Accordingly, resolving the liability issues first is not only appropriate, it will save time and expense.

The Claims Objections filed by the Debtor, which directly address the underlying liability issues presented in the discharge actions, make the foregoing point crystal clear. For example, the objections to POC Nos. 9 and 11 (which mirror the claims asserted by Beitler and BAI in Adversaries 92 and 94)[7] raise dispositive statute of limitations, parol

---

[7] By POC Nos. 9 and 11 (and Adversaries 92 and 94), the Beitler and BAI assert that the operating agreements for Mission Medical Investors, LLC and Westcliff Investors, LLC (the "LLCs") fail to accurately reflect Beitler's ownership interests, fail to give him credit for the contributions he made to the LLCs, and that the funds were diverted from the LLCs to their detriment.

#1135764                                           7

evidence rule, waiver and estoppel defenses to these claims. The objection to POC No. 19 (which mirrors the claims asserted by Steward in Adversary 95)[8] establishes that Steward's claim is barred by the economic loss doctrine, and its effort to conjure a claim into existence based upon a prior void credit bid fails as a matter of law. These challenges to the underlying claims can be resolved quickly and efficiently and they will eliminate the need for a dischargeability determination.

The Debtor, therefore, requests that this Court exercise its sound discretion to avoid the duplicative and unnecessary procedural course demanded by the Beitler Partiers and instead allow claims objection process, which is mandatory in any event, to resolve all of these disputes.[9]

## CONCLUSION

For the reasons set forth in the Motion and herein, the Debtor respectfully requests that the Court first determine the issues as to the Debtor's liability to the Beitler Parties in a consolidated manner in connection with the claims objection process, and then determine – to the extent such claims exist – whether such claims are dischargeable or not. This Court has the authority and discretion to grant such relief and providing the

///
///

---

[8] By POC No. 19 (and Adversary 95), Steward asserts that it is entitled to damages reflecting the differential between the first and second credit bids that it made in connection with its acquisition of the Ocean View property.

[9] Such a structure will also avoid the forfeiture that Beitler Parties' suggested approach would create. With the exception of the non-dischargeability context, there is no dispute that the Debtor may use estate assets to prosecute and/or defend the estate's positions (subject, of course, to ultimate court-approval). Tying the issues together, however, would result in unwarranted prejudice to the Debtor through a *de facto* denial of representation by counsel in the non-dischargeabilty context. The Beitler Parties' suggestion that the Debtor should be forced to give up substantive rights to prosecute and/or defend against the Beitler Parties' allegations and claims is wholly inequitable.

1 parties with a roadmap in this regard will further the bankruptcy policy of resolving claims
2 in the most expeditious and cost-effective manner possible.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: October 12, 2017 | LOBEL WEILAND GOLDEN FRIEDMAN LLP |
|  | By: /s/ William N. Lobel |
|  | WILLIAM N. LOBEL |
|  | ALAN J. FRIEDMAN |
|  | BETH E. GASCHEN |
|  | Attorneys for Debtor and Debtor-in-Possession and Specially Appearing for John J. Bral, Defendant |

#1135764

9

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
650 Town Center Drive, Suite 950, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*): **OMNIBUS REPLY TO BEITLER CREDITORS' OPPOSITION TO MOTION TO BIFURCATE ISSUES OF LIABILITY AND DISCHARGEABILITY IN ADVERSARY, OR TO STAY ADVERSARY UNTIL UNDERLYING LIABILITY ON CLAIMS IS DETERMINED IN ANOTHER PROCEEDING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On October 12, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Beth Gaschen**  bgaschen@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;lgauthier@lwgfllp.com;nlockwood@lwgfllp.com
- **Mark D Hurwitz**  mhurwitz@lsl-la.com, dsmall@lsl-la.com
- **Gary E Klausner**  gek@lnbyb.com
- **William N Lobel**  wlobel@lwgfllp.com, nlockwood@lwgfllp.com;jokeefe@lwgfllp.com;banavim@wgllp.com
- **Krikor J Meshefejian**  kjm@lnbrb.com
- **United States Trustee (SA)**  ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) October ___, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 12, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
SERVED VIA PERSONAL DELIVERY/ATTORNEY SERVICE

The Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130/Courtesy Bin
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/12/17 | Lori Gauthier | /s/ Lori Gauthier |
|---|---|---|
| Date | Printed Name | Signature |

#1135262

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012  **F 9013-3.1.PROOF.SERVICE**